IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEANNE RHOADES, | ) |
| Plaintiff, | ) |
| vs. | ) |
| BJC HEALTH SYSTEM, MISSOURI BAPTIST MEDICAL CENTER, BARNES-JEWISH HOSPITAL, ST. LOUIS CHILDREN'S HOSPITAL, CHRISTIAN NORTHEAST-NORTHWEST HOSPITAL, and CH ALLIED SERVICES, INC., | ) Case No. 4:17-CV-02486 |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, and 29 U.S.C. § 1332, Defendants BJC Health System, Missouri Baptist Medical Center, Barnes-Jewish Hospital, St. Louis Children's Hospital, Christian Hospital Northeast-Northwest, and CH Allied Services, Inc., hereby give notice of the removal of the above-styled action to this Court from the Circuit Court of St. Louis County, State of Missouri. In support of its Notice of Removal, Defendants state as follows:

1. The action styled *Jeanne Rhoades v. BJC Health System, et al.*, Case No. 17SL-CC03055, was filed in the Circuit Court of St. Louis County, State of Missouri, on or about August 22, 2017. Plaintiff Jeanne Rhoades is an employee of Defendant Missouri Baptist Medical Center, an affiliate hospital of Defendant BJC Health System. Plaintiff's Petition alleges BJC Health System and several of its hospitals breached alleged contracts with Rhoades and other employees by failing to pay them certain extra compensation and by failing to make required contributions to employee-benefit retirement accounts. Rhoades purports to bring her claims on behalf of a class of 50 – 100 individuals.

1

2. All Defendants were served with a copy of the summons and Petition on or about August 29, 2017. All Defendants join and consent to this removal.

3. This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

4. This action is removed based upon the Court's original jurisdiction over this action under 28 U.S.C. § 1331 on the basis of claims arising under the laws of the United States.

5. The Petition contains four counts, and each count alleges Defendants breached a contract under Missouri state law. The Petition is removable under the Employee Retirement Income Security Act of 1974 ("ERISA") because Plaintiff is suing to recover allegedly unpaid contributions to ERISA-covered retirement benefit accounts, and for injunctive relief that would mandate certain contributions to the accounts in the future.

6. BJC's retirement plans are employee-benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

7. Under section 502(a)(1)(B) of ERISA, "a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plans, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1332(a)(1)(B).

8. Complete preemption under ERISA occurs when a plaintiff's state law claims are "displaced by § 502, the statute's civil enforcement provision." *Hern v. St. Anthony's Med. Ctr.*, 4:16-cv-1296 JAR, 2016 WL 6031911, at *2 (E.D. Mo. Oct. 14, 2016) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987)).

9. "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

10. "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* at 209 (quoting *Metropolitan Life*, 481 U.S. at 56 – 66); *see also Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990) (ERISA preemption is "conspicuous for its breadth" and "deliberately expansive").

11. ERISA § 502 is "the **exclusive means** for a plan participant to recover benefits from an ERISA-governed plan." *Hern*, 2016 WL 6041911, at *2 (emphasis added). "Thus, any claim filed by a plan participant for the same relief provided under ERISA § 502, even a claim purportedly raising only a state-law cause of action, arises under federal law and is removable to federal court." *Id.*

12. Plaintiff's claims are completely preempted by ERISA because they seek the same relief provided by section 502(a)(1)(B) of ERISA. Plaintiff alleges Defendants failed to make certain contributions to her retirement plan. (Petition ¶¶ 11, 13, 15, 17). Plaintiff also asks the Court to award contributions to her employee-benefit retirement account that should have occurred in the past. (Petition ¶ 33, 38, 43, 48, and the "WHEREFORE" paragraphs under each count). The Petition also seeks injunctive relief regarding future contributions to the employee-benefit retirement accounts. (Petition ¶ 33, 38, 43, 48).

13. There is no independent legal duty to pay retirement contributions. Absent the ERISA plans, Plaintiff has no right to the retirement benefits she seeks.

14. Because Plaintiff seeks to recover benefits due under her employee-benefit plan, to enforce rights under the plan, and to clarify rights to future benefits under the plan, her claim falls within the scope of section 502(a)(1)(B).

15. Accordingly, Plaintiff's claims are completely preempted by ERISA and the Court has original jurisdiction over the state court action under 28 U.S.C. § 1331.

16. Under 28 U.S.C. § 1441(a), claims or causes of action presented in state court proceedings where the district courts of the United States have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship of the parties.

17. Pursuant to 28 U.S.C. § 1367, the Court may exercise supplemental jurisdiction over the portions of any state law claims not preempted by ERISA, because Plaintiff's claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

18. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of its filing of this Notice to counsel for Plaintiff. Defendant will also promptly file a copy of this Notice with the Circuit Court of St. Louis County, State of Missouri.

19. Venue of this civil action is proper in this Court pursuant to 28. U.S.C. § 1441(a).

20. Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings, and orders served on Defendant is attached to this Notice as Exhibit A.

WHEREFORE, Defendants BJC Health System, Missouri Baptist Medical Center, Barnes-Jewish Hospital, St. Louis Children's Hospital, Christian Hospital Northeast-Northwest, and CH Allied Services, Inc., by and through their undersigned counsel, desiring to remove this civil action of the United States District Court for the Eastern District of Missouri, Eastern Division, pray that the filing of this Petition and for Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Petition for the Notice of Removal with the clerk of the Circuit Court of St. Louis County, State of Missouri, shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Andrew L. Metcalf*
David L. Schenberg, #44527MO
James M. Paul, #44232MO
Andrew L. Metcalf, #66079MO
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone: 314-802-3935
Facsimile: 314-802-3936
david.schenberg@ogletree.com
james.paul@ogletree.com
andrew.metcalf@ogletree.com

**ATTORNEYS FOR DEFENDANTS**

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2017, a copy of the foregoing was filed with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Carl J. Lumley
130 South Bemiston Avenue, Suite 200
St. Louis, Missouri 63105

**ATTORNEY FOR PLAINTIFF**

*/s/ Andrew L. Metcalf*
An Attorney for Defendants

31223743.2