# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JEANNE RHOADES | ) | |
| *On behalf of herself and all others* | ) | |
| *similarly situated,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 2486  RWS |
| | ) | |
| BJC HEALTH SYSTEM | ) | |
| d/b/a BJC Healthcare et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF REMAND

This class action case was originally filed in the Circuit Court of St. Louis

County, State of Missouri.  Defendant BJC Health System is the parent company

of the other Defendant hospitals and medical providers named in the petition.

Defendants removed this case asserting that some of Plaintiff Jeanne Rhoades's

claims are preempted by the Employee Retirement Income Security Act of 1974

(ERISA), 29 U.S.C. §§ 1001, et seq.  Rhoades argues that her claims are not

preempted and she has filed a motion to remand this matter to state court.  Because

Rhoades claims are not preempted by ERISA, I will grant her motion to remand.

Rhoades is employed as a perfusionist at Defendant Missouri Baptist

Medical Center.  Rhoades' petition asserts state law claims to recover back-pay

allegedly owed for "on-call pay," "call-back pay," "voucher pay," and "paid time

off" which Rhoades claims her employer has not paid.  In her claims she also seeks to recover corresponding contributions to her retirement plan account.

Defendants removed this case invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331.  Defendants assert that some of Rhoades claims are preempted by ERISA.  State law claims challenging an employer's action relating to employee benefit plans are preempted by ERISA.  Pilot Life Insurance v. Dedeaux, 481 U.S. 41, 57 (1987).   The provisions of ERISA are "deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern." Id. at 46.  When a plaintiff files a case in state court asserting state law claims which are preempted by ERISA, the case is removable to federal court under 28 U.S.C. § 1331.  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, (1987).  The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction.  In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  All doubts about federal jurisdiction must be resolved in favor of remand.  Id.

Defendants argue that the benefits Rhoades seeks to recover in the form of contributions to her retirement plan are claims which can only be brought under 29 U.S.C. § 1132(A)(1)(b).  That provision allows plan participants, in relevant part, to "recover benefits due to him under the terms of his plan …"

Rhoades filed a motion to remand.  In her motion she asserts that she is not seeking "any direct enforcement, clarification of rights or recovery of benefits

under the authority of an ERISA benefit plan." [Doc. # 21, Pl.'s Mot. to Remand, p. 2] To the contrary, she argues that her claims are not preempted by ERISA because she merely seeks from her employer unpaid wages and the corresponding payments that would be directed to her "related retirement plan." She is not seeking benefits due to her under the terms of the retirement plan itself.

Because Rhoades is asserting claims against her employer for wages, some of which are in the form of contributions that would be paid into her retirement plan, I find that Rhoades is not seeking benefits due to her under the terms of her retirement plan.

United States District Judge John A. Ross from this Court reached a similar conclusion in Goldstein v. Media Mgmt., Inc., No. 4:12CV1021 JAR, 2012 WL 4793741, at *3 (E.D. Mo. Oct. 9, 2012). In that case a plaintiff sought to recover wages (in the form of bonuses) from his employer who converted the funds for its own use. The plaintiff asserted a state law claim for breach of fiduciary duty against his employer. As part of his claim the plaintiff alleged he would have received additional contributions to his retirement plan that would have been made had his wages not been withheld. The employer asserted that the claim was preempted by ERISA because it was related to a retirement plan. Judge Ross found that the claim was not preempted. He reasoned that because the plaintiff was seeking the recovery of wages that should have been paid into his retirement plan the claim was not seeking benefits *from* the plan. See also, Agnifili v. KFC

Corp., 924 F. Supp. 78, 81 (W.D. Ky. 1996) (no ERISA preemption when plaintiff sought damages from employer, in part, for employee benefits and damages were measured by reference to an employee benefit plan but the plaintiff was not seeking to enforce rights or clarify rights under the plan).

As a result, because I find that Rhoades' complaint does not assert claims that are preempted by ERISA, Rhoades motion to remand will be granted.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Jeanne Rhoades' motion to remand [21] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED that** the parties each bear their own costs incurred by reason of these removal and remand proceedings.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2018.